FILED
United States Court of Appeals
Tenth Circuit

March 30, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

TIMBUL TITUS SINAGA;
TRI PONTI MARLINA,

Petitioners,

v.

ERIC H. HOLDER, JR.,[*]
United States Attorney General,

Respondent.

No. 08-9542
(Petition for Review)

---

**ORDER AND JUDGMENT**[**]

---

Before **TACHA**, **MURPHY**, and **HARTZ**, Circuit Judges.

---

Timbul Titus Sinaga and Tri Ponti Marlina petition for review of an order

of the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ)

denial of their requests for asylum, restriction on removal, and protection under

---

[*] Pursuant to Fed. R. App. P. 43(c)(2), Eric H. Holder, Jr. is substituted for
Michael B. Mukasey as the respondent in this appeal.

[**] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the Convention Against Torture (CAT). We dismiss the petition for lack of jurisdiction to the extent it challenges the denial of asylum relief, and we deny the petition on the remaining challenges to the BIA's affirmance of the IJ's decision.

## I. Background

Petitioners are natives and citizens of Indonesia. Mr. Sinaga is Catholic. He testified that he is afraid of the Muslims in Indonesia. He recalled an incident where a Muslim policeman came to the farm that his father owned and shot some pigs because Muslims do not like pigs. He testified about two people who knocked on the door of his home and then attacked him when he opened the door. They kicked him and hit him and made his nose bleed. Another time he was stopped by a group of young people on his way home from teaching Sunday school and they kicked him. Mr. Sinaga explained that at one point he attended church in a house but that people threw rocks at the house. Because of these attacks, they moved the church to a movie theater where it was safer.

Ms. Marlina is Christian. She testified that she never met her father's family because they did not approve of the fact that her father was a Christian. She indicated that her maternal grandfather was a missionary, that he and his family were terrorized, and that Muslims had burned her uncle with cigarettes. In middle school, she learned that Muslims hated Christians and she became afraid of Muslims.

Petitioners arrived in the United States in 1997, and were married in 2000. They have two children who were born in the United States. In 2003, Mr. Sinaga submitted an application for asylum, and included his wife as a dependent. At their first hearing before the IJ, petitioners conceded their removability and renewed their application for asylum, restriction on removal, and relief under the CAT. Ms. Marlina later filed a separate application for asylum. In 2007, the IJ denied all of the requested relief on both applications. The BIA affirmed the IJ's decision and dismissed the appeal. This timely petition for review followed.

## II. Discussion

The BIA affirmed the IJ's decision in a single-member brief order. *See* 8 C.F.R. § 1003.1(e)(5). In these circumstances, the BIA's independent decision "constitutes the final order of removal" under review and "we will not affirm on grounds raised in the IJ decision unless they are relied upon by the BIA in its affirmance." *Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006). We review the BIA's legal conclusions de novo and review the agency's findings of fact applying the substantial evidence standard. *Elzour v. Ashcroft,* 378 F.3d 1143, 1150 (10th Cir. 2004).

Asylum

The BIA affirmed the IJ's finding that petitioners' applications for asylum were time-barred. Petitioners now challenge that decision arguing (1) that the IJ applied an incorrect standard in analyzing petitioners' request for an exception to

the one-year asylum filing deadline; (2) that the untimely filing of their asylum applications is excused due to changed circumstances; and (3) the BIA erred in conducting a de novo review of the IJ's timeliness determination.

Our jurisdiction to review challenges to an asylum timeliness determination is limited to "'constitutional claims or questions of law.'" *Diallo v. Gonzales*, 447 F.3d 1274, 1281 (10th Cir. 2006) (quoting 8 U.S.C. § 1252(a)(2)(D)). In *Diallo*, we held that the phrase "questions of law" refers to "a narrow category of issues regarding statutory construction." *Id*. at 1282 (quotation omitted). None of petitioners' challenges to the asylum timeliness determination involve "questions of law" as that phrase has been interpreted by our court. Accordingly, we lack jurisdiction to review those challenges.

Restriction on Removal

The BIA affirmed the IJ's conclusion that petitioners had not met their burden of proving their eligibility for restriction on removal. In order to be entitled to restriction on removal, petitioners must demonstrate that their "life or freedom would be threatened in the proposed country of removal on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 C.F.R. § 1208.16(b). They may meet this burden by proving either: (1) they suffered past persecution; or (2) it is more likely than not that they will suffer future persecution if they are removed to Indonesia. *See id*. § 1208.16(b)(1),(2).

*Past Persecution*

Mr. Sinaga asserts that the following events individually or cumulatively support a finding that he established past persecution: the incident where Muslims shot the pigs at his family's farm, the two physical assaults he suffered, and having to move his church to a movie theater due to people throwing rocks at the house where his church service was being held. Mr. Sinaga's case is similar to the claims made in *Sidabutar v. Gonzales*, 503 F.3d 1116, 1124 (10th Cir. 2007), in which this court held that an Indonesian Christian's experiences of being beaten by classmates and being confronted on the street for money did not rise to the level of past persecution. Like the petitioner in *Sidabutar*, Mr. Sinaga did not suffer any serious injury from the two physical assaults he described. *See id.* In addition, the pig farm shooting was a one-time incident that occurred over ten years prior to his departure from Indonesia, and once his church moved to its new location in the movie theater, there were no further attacks. With respect to Ms. Marlina, she appears to argue that she suffered past persecution because she "was exposed to Muslim hatred of Christianity," Pet'rs Br. at 17, but she suffered no actual harm while she lived in Indonesia. The agency's conclusion that petitioners did not establish past persecution is consistent with our case law. *See Sidabutar*, 503 F.3d at 1124 (collecting cases with a finding of no past persecution).

*Future Persecution*

-5-

Because petitioners failed to establish past persecution, in order to be entitled to restriction on removal, they must demonstrate a clear probability of future persecution by showing that it is more likely than not that their life or freedom would be threatened if they returned to Indonesia. *See* 8 C.F.R. § 1208.16(b)(2). Petitioners argue that they have made this showing by "their detailed testimony of the fear they have of returning to Indonesia because of their past problems and because of the current country conditions affecting Christians as detailed in the record." Pet'rs Br. at 20. The government asserts that petitioners have waived their argument on this issue because they have failed to adequately present their argument to this court. We agree. Petitioners have failed to cite to any specific record evidence in support of this claim or to explain how the record evidence compels a conclusion that they are more likely than not to be persecuted if returned to Indonesia. Arguments inadequately briefed on appeal are deemed waived. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007).

Even if we were to consider this claim, we would affirm the agency's conclusion that petitioners had not established a clear probability of persecution. As the IJ noted in its decision, Mr. Sinaga's parents and six siblings all remain in Indonesia, and have lived there without problems. Mr. Sinaga testified that his siblings in Indonesia "still practice their religion." Admin. R. at 153. The fact that Mr. Sinaga's family lives safely in Indonesia and that his siblings continue to

practice their Christian faith undermines petitioners' claim that there is a clear probability that they will be persecuted if they return to Indonesia. *See Cuadras v. INS*, 910 F.2d 567, 571 (9th Cir. 1990).

Convention Against Torture

The BIA affirmed the IJ's determination that petitioners had not met their burden of proof of establishing that it was more likely than not that they would be tortured if returned to Indonesia. Torture is defined as the "intentional[] inflict[ion]" of "severe pain or suffering, whether physical or mental, . . . when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1).

On appeal, petitioners simply make the conclusory statement "that in light of their credible testimony regarding their past persecution and future fears that it is more likely than not that they would be tortured if removed to Indonesia." Pet'rs Br. at 21. As discussed above, we affirmed the BIA's finding that petitioners have not established that they suffered past persecution or that it is more likely than not that they will suffer future persecution. Accordingly, petitioners' reliance on their past persecution and future fear of persecution is insufficient to support a claim for CAT relief, especially when petitioners fail to point to any specific evidence in the record that would support a claim that they will be subject to torture if they return to Indonesia.

## III. Conclusion

Based on the foregoing, we DISMISS in part and DENY in part the petition for review.

Entered for the Court

Deanell Reece Tacha
Circuit Judge